UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIOVANNI GONZALEZ IGNACIO,
A-Number: 240-899-346

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,
et al.,

Respondents.

No. 1:26-cv-04551-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Giovanni Gonzalez Ignacio is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner contends that his continued detention without a bond hearing has become unreasonably prolonged in violation of the Due Process Clause, and he seeks immediate release or, in the alternative, release on bond. Respondent filed a response contending that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). (Doc. 8). For the reasons set forth below, the undersigned recommends that the petition be granted in part and denied in part.

/ / /

/ / /

## II. BACKGROUND

### A. Immigration and Criminal History

Petitioner is a native and citizen of Guatemala. (Doc. 8 at 9). He entered the United States at an unknown place and on an unknown date. (*Id.*) He was not admitted or paroled following inspection by an immigration officer. (*Id.*).

On June 10, 2025, Petitioner was arrested by the Lee County, Florida Sheriff's Office. (Doc. 8 at 16). He was charged with burglary of an unoccupied conveyance, unarmed, in violation of Florida Statutes § 810.02(4)(b), a third-degree felony, and with criminal mischief causing $1,000 or more in damage, in violation of Florida Statutes § 806.13(1)(b)(3), also a third-degree felony. (*Id.*). Petitioner states that he was sentenced to 270 days in the Lee County Jail and served approximately seven months. (Doc. 1 at 7).

Also on June 10, 2025, an authorized immigration officer issued a Warrant for Arrest of Alien (Form I-200), determining that there was probable cause to believe Petitioner is removable from the United States. (Doc. 8 at 19). The warrant was served on Petitioner at Fort Myers, Florida on January 20, 2026, following his release from state custody, and its contents were read to him in Spanish. (*Id.*). Also on January 20, 2026, the Department of Homeland Security issued and served a Notice to Appear charging Petitioner as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (Doc. 8 at 9-10). Petitioner has remained in the custody of Immigration and Customs Enforcement ("ICE") since January 20, 2026 and is presently detained at the California City Detention Center. (Doc. 1 at 2). As of the date of these findings and recommendations, Petitioner has been detained by ICE for approximately seven months.

### B. Procedural history

Petitioner filed the instant petition on June 12, 2026. (Doc. 1 at 1). The petition raises four grounds, each directed at the length of Petitioner's detention and the absence of a bond hearing. (*Id.* at 6-7). Petitioner asks the Court to order his immediate release, to declare him eligible for release on bond, and to enjoin ICE from detaining him further. (*Id.* at 8).

On July 2, 2026, the undersigned ordered Respondent to show cause why the petition should

not be granted, directed that any response be filed within thirty days of service, and allowed Petitioner thirty days from the filing of the response in which to file a traverse. (Doc. 6 at 2). On July 31, 2026, Respondent filed its response with exhibits attached. (Doc. 8). Petitioner has not yet filed a traverse, and the period for which to file one has not yet expired. However, having reviewed the petition, the response, and the exhibits, the undersigned finds the matter suitable for decision on the present record and takes it under submission. Petitioner is not prejudiced as he remains free to file a traverse within the time allowed, and should he timely do so, the undersigned may amend or withdraw these findings and recommendations to address the arguments raised in it. Petitioner may likewise present any argument he wishes to make in objections to these findings and recommendations, which the assigned District Judge will consider de novo before acting on this recommendation.

## III. DISCUSSION

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Detention Center in California City, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Further, the Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing or release, and that question remains within the Court's jurisdiction.

**B. Petitioner's Detention Is Authorized by 8 U.S.C. § 1226(c)**

Section 1226(a) generally permits the Attorney General to arrest and detain a noncitizen pending a decision on removal, and to release that person on bond. Section 1226(c), however, requires detention of certain noncitizens without bond. As amended by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), section 1226(c)(1)(E) directs that the Attorney General shall take into custody any alien who: "(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary…" 8 U.S.C. § 1226(c)(1)(E).

Both elements are satisfied on this record. As to the first, the Notice to Appear charges Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 8 at 9). As to the second, Petitioner was arrested on June 10, 2025 for burglary. (Doc. 8 at 16). The provision is written in the disjunctive, and an arrest for a covered offense is by itself sufficient; the undersigned therefore does not rest this recommendation on the fact of any conviction, and need not decide whether Petitioner's statements in the petition constitute an admission within the meaning of clause (ii).

That section 1226, rather than 8 U.S.C. § 1225(b)(2)(A), supplies the authority for Petitioner's detention and is settled in this Circuit. In *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *4 (9th Cir. July 30, 2026), the Ninth Circuit held that noncitizens who entered without admission and are apprehended in the interior are not subject to mandatory detention as applicants for admission under section 1225(b)(2)(A), but are instead detained under section 1226. Petitioner is therefore detained under section 1226(c).

**C. Respondent's Exhaustion Argument Does Not Reach Petitioner's Claim**

Respondents contend that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "*Joseph* Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 8 at 7 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). That argument is misdirected. A *Joseph* Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. It does not provide any

individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not appear to contest that his burglary arrest is a proper predicate for detention under section 1226(c). Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a Joseph Hearing resolves, and exhaustion of that administrative remedy is therefore not required.

**D. Petitioner's Prolonged Detention Without a Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake,

the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

The end of Petitioner's detention is not reasonably foreseeable. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Respondent correctly observes that detention under section 1226(c) "has a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quotation marks omitted). But that endpoint is not near or reasonably foreseeable. Having been detained since January 20, 2026, Petitioner's immigration case remains pending. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, in light of the approximately seven months of detention here with no reasonably foreseeable endpoint, the *Mathews* balancing test now favors an individualized hearing.

i. Private Interest.

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been in ICE custody since January 20, 2026—approximately seven months—without any bond hearing or individualized custody determination. This detention period exceeds the four-month figure the Supreme Court described in *Demore* as the outer range for a section 1226(c) detainee who pursues an appeal. 538 U.S. at 529–30. This factor weighs substantially in Petitioner's favor.

Additionally, as discussed above, the record establishes no anticipated endpoint. After approximately seven months of detention, Petitioner's proceedings remain pending. Furthermore, there is no record of any delay or dilatory conduct that is attributable to Petitioner. Here,

Petitioner's interest is not merely in release, but in the far more modest procedural protection of an individualized bond hearing. Respondent represents that Petitioner has been ordered removed (*see* Doc. 8 at 6), but a removal order is not administratively final while the time to appeal runs or an appeal is pending, and detention under section 1226(c) continues throughout. 8 C.F.R. § 1003.6(a). This factor weighs in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received no individualized bond hearing before an immigration judge. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may carry its burden, the probable value of subjecting its allegations to individualized scrutiny after approximately seven months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

Respondent's contention that the process due is a determination whether Petitioner is "properly included" in a mandatory detention category does not alter this conclusion. (Doc. 8 at 7). As discussed above, a *Joseph* hearing tests whether a detainee is properly included within section 1226(c), meaning whether the government is substantially unlikely to prevail on the charge that triggers mandatory detention. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). It reaches neither dangerousness nor flight risk, and it does not address Petitioner's constitutional claim.

iii. Government's Interest.

The Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effectuating removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key Government interest at stake here "is not the continued detention of Petitioner, but the

government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after approximately seven months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the *Mathews* factors, the undersigned concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing.

**E. Petitioner's Remaining Claims**

Petitioner's first, third, and fourth grounds rest principally on *Zadvydas v. Davis*, 533 U.S. 678 (2001), and its holding that detention may not continue where removal is not significantly likely in the reasonably foreseeable future. (Doc. 1 at 6-7). *Zadvydas* construed 8 U.S.C. § 1231(a)(6), which governs detention after a final order of removal. Petitioner is detained under section 1226(c) pending removal proceedings, and the Supreme Court has distinguished the two detention schemes. *Jennings*, 583 U.S. at 303-04. To the extent Petitioner argues a separate *Zadvydas* claim, it is denied without prejudice to its renewal should he become subject to detention under section 1231(a).

Petitioner further asserts that his detention violates the Eighth Amendment. (Doc. 1 at 8). However, detention pursuant to removal is not punishment and thus cannot be found to violate the Eighth Amendment. *See LeTourneur v. Immigration & Naturalization Serv.*, 538 F.2d 1368, 1370 (9th Cir. 1976). This ground is denied. In any event, the relief Petitioner seeks on this ground, an individualized custody determination, is afforded by the recommendation above.

Finally, Petitioner asks the Court to issue a declaratory judgment that he is eligible for release on bond and that DHS's interpretation of the Immigration and Nationality Act is arbitrary and capricious, and to enter a temporary or permanent injunction against ICE. (Doc. 1 at 8; *see also id.* at 6 (citing 5 U.S.C. § 702 and 28 U.S.C. §§ 1331, 1651)). The relief sought under these

provisions is coextensive with the habeas relief recommended above. Because the bond hearing recommended here affords the individualized determination Petitioner seeks, the requests for declaratory and injunctive relief are denied.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART**;

2. Within ten (10) days of any order adopting these findings and recommendations, Respondent be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondent fails to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;

3. The petition (Doc. 1) be **DENIED** to the extent any other relief is sought.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure

to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE