UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GIOVANNI GONZALEZ IGNACIO (A-Number: 240-899-346),

Petitioner,

v.

WARDEN, California City Detention Facility,

Respondent.

No. 1:26-cv-04551-KES-EGC (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1,

Petitioner Giovanni Gonzalez Ignacio is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner be granted a bond hearing. Doc. 9. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days of service. On September 4, 2026, respondents filed a brief objection. Doc. 10. In a July 31, 2026, filing, respondents had indicated

that petitioner was ordered removed and that the order of removal "would become administratively final in the coming weeks[.]" Doc. 8 at 7. On September 23, 2026, respondents filed a further status report and confirmed that petitioner had been ordered removed on July 10, 2026, and that the removal order had become final as petitioner had not appealed.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objection and their further status report, the Court declines to adopt the findings and recommendations. Petitioner's July 10, 2026 order of removal has now become final, as petitioner did not appeal the removal order. *See* Doc. 13 at 1, 3–4. Petitioner's order of removal became final on August 10, 2026. As petitioner is now subject to a final order of removal, he is detained pursuant to 8 U.S.C. § 1231(a)(2) and his detention is within the 90-day removal period authorized by § 1231(a)(2). The petition therefore fails to show that his detention violates due process.

Accordingly:

1. The court declines to adopt the findings and recommendations issued on August 21, 2026, Doc. 9.
2. The petition for writ of habeas corpus, Doc. 1, is dismissed without prejudice.
3. The Clerk is directed to terminate any remaining motions as moot and to close this case.

IT IS SO ORDERED.

Dated: September 23, 2026

UNITED STATES DISTRICT JUDGE